**DIVERSIFIED SERVICES, INC., as Transferee and Successor, etc., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. Nos. 1023–1028.**

United States District Court
S. D. Florida,
Orlando Division.

March 30, 1961.

---

◎═486

Albert H. Monacelli, Dunnington, Bartholow & Miller, New York City, William Y. Akerman, Akerman, Turnbull, Senterfitt & Eidson, Orlando, Fla., for plaintiff.

George Elias, Jr., Tax Division, Department of Justice, Washington, D. C., E. Coleman Madsen, U. S. Atty., Miami, Fla., for defendant.

DE VANE, District Judge.

The facts in these cases are not in dispute. They are fully disclosed by the pleadings and by the requests for admission of facts and documents and the answers thereto. The cases are pending before this Court on motions for summary judgments filed by the plaintiffs and the defendant.

### Nature of Controversy

In each of the six above numbered actions (1023 to 1028 both inclusive) each corporation elected, pursuant to Section 392(b) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 392(b), not to have taxed in 1954 the gains resulting from the sale of the properties of each said corporation. The Commissioner of Internal Revenue held that such gains were taxable for said year and assessed a deficiency against plaintiff as transferee and successor to each of the six taxpayer corporations.

### Findings of Facts

Each of the six taxpayer corporations was organized under the laws of Florida, except those in Actions Nos. 1026 and 1027, which were incorporated under Delaware laws. At all times material herein each of said corporations maintained its principal office in Orlando, Florida. Prior to November 12, 1954, each of the six corporations, except those in Actions Nos. 1026 and 1027, were engaged in the business of growing and marketing citrus fruits. On November 12, 1954, each of the taxpayer corporations, except in Action No. 1027, sold all of its assets to Minute Maid Corporation and Granada Groves Corporation, both Florida corporations unrelated to the selling corporations. Taxpayer corporation in 1027 sold its property to others on or about the same time.

On December 20, 1954, plaintiff was incorporated by the shareholders of Dr. P. Phillips & Sons, Incorporated, and on December 22, 1954, plaintiff's shareholders contributed to its capital all of their stock in Dr. P. Phillips & Sons, Incorporated. On the same date each of the six taxpayer corporations adopted a plan of complete liquidation and later the same day the five subsidiaries of Dr. P. Phillips & Sons, Incorporated, pursuant to the plan of liquidation distributed all of their assets to the parent corporation, Dr. P. Phillips & Sons, Incorporated, and were dissolved. Similarly, on December 23, 1954, Dr. P. Phillips & Sons, Incorporated, pursuant to its plan of liquidation distributed all of its assets to plaintiff and was dissolved.

The capital gains realized upon all said sales were as follows:

| Action No. | Gain |
|---|---|
| 1023 | $2,215,165.98 |
| 1024 | 225,540.62 |
| 1025 | 388,357.51 |
| 1026 | 102,540.58 |
| 1027 | 144.00 |
| 1028 | 148,024.49 |
| | $3,079,773.18 |

Each corporation in its Federal income tax return for the taxable period here involved reported such gains, but elected to postpone the imposition of any tax thereon by virtue of Section 392(b) of the Internal Revenue Code of 1954, stating such election in the following language:

"All of the assets of taxpayer were distributed before January 1, 1955, in complete liquidation of the corporation. Election is made under I.R.C. Section 392(b) that no gain be recognized from the sale of property during the calendar year 1954."

Upon the audit of the aforesaid tax returns of the six taxpayer corporations, the examining revenue agent held that the aforesaid gains were taxable in the year realized and assessed deficiencies against said corporations. Such deficiencies were paid to the District Director of Internal Revenue on January 21, 1957, by plaintiff as transferee and successor to the six taxpayer corporations in the following amounts, together with the following amounts of interest:

| Action No. | Deficiency | Interest |
|---|---|---|
| 1023 | $553,791.50 | $60,332.93 |
| 1024 | 56,385.16 | 6,142.87 |
| 1025 | 100,972.14 | 11,000.43 |
| 1026 | 25,640.52 | 2,793.41 |
| 1027 | 1,922.54 | 209.45 |
| 1028 | 30,269.71 | 3,297.74. |

On October 2, 1958, plaintiff filed with said District Director a claim for a refund with respect to each of said taxpayer corporations for the aforesaid taxable period, demanding refund of said taxes and interest paid on January 21, 1957. The grounds stated in each refund claim were that the aforesaid gain was not taxable for the reason that each taxpayer corporation had elected to have Section 392(b) applied. On March 28, 1960, the above entitled actions were instituted, more than six months having transpired since the filing of the claims for refund and no notice of disallowance

of any of said claims in whole or in part having been made to plaintiff in the intervening time. There has been no refund made in whole or in part of any of the taxes claimed and collected up to this date.

Question Presented

Each of the six consolidated actions presents the single question of law as follows:

Whether the taxpayer corporations realized taxable gains on November 12, 1954, on the sale of all their assets in view of their election to have Section 392(b) of the Internal Revenue Code of 1954 apply to each sale.

The record in each case establishes beyond any doubt that each taxpayer corporation fully complied with Section 392 (b) (1) of the Internal Revenue Code, for as pointed out above each taxpayer corporation sold all of its assets on November 12, 1954, and in its income tax return covering the period involved here elected to have Section 392 (b) (1) applied. Defendant admits that each corporation distributed all of its assets in complete liquidation and made the election referred to in Section 392(b) (1). Defendant also admits that each corporation was immediately dissolved.

Defendant contends, however, that Paragraph (2) of Section 392(b) makes Paragraph (1) inapplicable to the instant cases. Recognizing the importance that all Federal Courts attach to rulings of the Internal Revenue representatives in construing and applying income tax laws and regulations, this Court has read and reread the brief filed by counsel for defendant in these cases in an endeavor to ascertain the theory upon which the Tax Bureau contends that Paragraph (2) of Section 392(b) makes Paragraph (1) inapplicable in these cases. The Court finds itself unable to accept the reasoning advanced.

These are cases in which Section 392 (b) was already the law, when Dr. P.

574

Phillips & Sons, Incorporated, concluded to accept the offers of Minute Maid, Granada Groves Corporation, and another to buy all the assets owned and controlled by Dr. P. Phillips & Sons, Incorporated, and that as a result of such sale and subsequent complete liquidation of all of said corporations and the creation of a new corporation to receive and hold all said assets, taxpayer corporations were certainly justified in their assumption that no taxable gains on the sale of their properties on November 12, 1954, would be realized for that year in view of their election to have Section 392(b) of the Internal Revenue Code of 1954 apply to such sales. And this Court finds itself unable to follow and understand the reasoning of defendant in support of its position that Paragraph (2) of Section 392(b) makes Paragraph (1) inapplicable in these cases.

Paragraph (2) of Section 392(b) provides that certain provisions of Section 337 are applicable and the question presented is whether or not these *certain* provisions are controlling in these cases. In the brief filed herein counsel for defendant argues that the limitations of Section 337(c) apply. The Court finds itself completely unable to follow the reasoning of counsel for defendant in his effort to make Section 337(c) controlling in these cases. That subsection deals with an entirely different type of transaction. The language of Section 392(b)(1) is so clear and unambiguous that there does not appear to be any necessity for attempting to further analyze the circuitous route followed by counsel for defendant in his effort to prove that Paragraph (2) of Section 392(b) completely destroys the provisions of Paragraph (1).

### Conclusions
The Court finds and holds that plaintiff is entitled to a summary judgment in its favor in these cases and the same will be granted, and the motion for summary judgment filed by the defendant will be denied.

Counsel for plaintiff will submit to the Court and counsel for defendant a proposed draft of a final judgment carrying into effect the finding and holding of this Memorandum-Decision.